UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARK'S AIRBOATS, INC.,** | * | **CIVIL ACTION** |
| *Plaintiff,* | * | |
| | * | **No. 13-00274** |
| **Versus** | * | |
| | * | **JUDGE RICHARD T. HAIK, SR.** |
| **RONALD J. THIBODAUX AND** | * | |
| **RONNIE'S AIRBOATS UNLIMITED, LLC** | * | **MAGISTRATE JUDGE** |
| *Defendants* | * | **C. MICHAEL HILL** |
| | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' SECOND AND SUPPLEMENTAL MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED, OR ALTERNATIVELY,
<u>FOR A MORE DEFINITE STATEMENT</u>**

**NOW INTO COURT**, through undersigned counsel, come Defendants Ronald J. Thibodaux and Ronnie's Airboats Unlimited, LLC ("RAU") (Mr. Thibodaux and RAU, collectively, "Ronnie's"), which through undersigned counsel file this reply to Plaintiffs Mark's Airboats, Inc. ("MAI"), Belden Investments, LLC d/b/a Amphibious Marine ("Amphibious Marine") and Oilfield Marine Contractors, LLC ("OMC") (collectively, "Plaintiffs") opposition (Rec. Doc. 29; hereinafter, "the Opposition") to Ronnie's second and supplemental motion to dismiss all claims of the Amended Complaint (Rec. Doc. 27 – the "MIS") under Rule 12(b)(1) (for lack of subject matter jurisdiction under the Declaratory Judgment Act (and, as to the Plaintiffs' state law claim, for the corresponding lack of supplemental jurisdiction)) and/or Rule 12(b)(6) (for the general failure to state a claim against RAU and also the failure to set forth a

1

viable state law claim for unfair competition); or, alternatively, to order the Plaintiffs to amend their Amended Complaint to provide a more definite statement pursuant to Rule 12(e).

## I. MOTION TO DISMISS ALL CLAIMS SEEKING DECLARATORY JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1)

### A. Each Claim of Each Plaintiff Must Stand, or Fall, on Its Own

The Plaintiffs' Opposition, by accident or design, confuses and conflates the Plaintiffs' bases for claiming that subject matter jurisdiction exists over each of their respective claims. However, the mere act of conglomerating a collection of parties does not somehow remove the requirement that the Court must have subject matter jurisdiction over every claim asserted. *See, e.g.*, *Allen v. Wright*, 468 U.S. 737, 752 (1984) ("[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the **particular plaintiff** is entitled to an adjudication of the **particular claims** asserted.") (emphasis added); *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007) ("**Each plaintiff** must have standing to seek **each form of relief** in **each claim**.") (emphasis added). The basis for jurisdiction over each Plaintiff's claim for declaratory judgment must be examined on its own, and as Ronnie's sets forth in detail in its MIS and in further view of the Opposition's utter lack of new evidence, none of the Plaintiffs in this case have met their burden of proving that subject matter jurisdiction exists over any of the claims asserted in the Amended Complaint.

### B. Plaintiffs' Opposition Is Devoid of Legal Support

Several pages of the Opposition are dedicated to an attempt to distinguish the many cases discussed in Ronnie's MIS; however, the Plaintiffs have failed to offer any analogous case law in support of their arguments. Ronnie's stands on the case law analysis in its MIS, especially given that every case cited by Ronnie's was decided after *MedImmune* and *SanDisk* and applies the

principles announced in those decisions.

The only case affirmatively cited by Plaintiffs to challenge Ronnie's motion to dismiss is *Arkema, Inc. v. Honeywell Int'l*, 706 F.3d 1351 (Fed. Cir. 2013). However, Plaintiffs offer *Arkema* for a limited purpose – namely, to serve as a counterweight to Ronnie's citation to *Arris* (which sets forth the limited situations in which a party can base subject matter jurisdiction on communications received by said parties customers).[1] However, even in this limited role, *Arkema* fails, as it is factually inapplicable to this case. Specifically, unlike the parties in this case, the parties in *Arkema* were already engaged in both U.S. and foreign patent litigation over essentially the same products when the claims seeking declaratory judgment were filed. *Id.* at 1355. Moreover, the declaratory judgment plaintiff in *Arkema* was <u>not</u> trying to rely on communications sent to its customers to argue that jurisdiction existed over its own claims seeking declaratory judgment. Therefore, *Arkema* is irrelevant to this case and does not refute the proposition that Amphibious Marine and MAI have utterly failed to plead any facts, or provide any evidence, which might allow them to rely on the receipt of communications by their respective customers in establishing subject matter jurisdiction in this suit.

Ronnie's also notes that the Opposition makes a great show of relying on the consideration of "all the circumstances" under *MedImmune*. *See, e.g.,* the Opposition at p. 3. However, speaking out the other side of their collective mouth, the Plaintiffs later claim that the "other factors" considered by courts in determining whether jurisdiction exists over claims for declaratory judgment are "irrelevant." *See, e.g.,* the Opposition at p. 15. The Plaintiffs cannot cling to their claim that an examination of "all the circumstances" supports a finding of

---

[1] As a reminder, this only applies to Amphibious Marine's attempt to rely on the receipt of the 2008 Notice Letter by Shaw (noting again that the Amended Complaint makes no allegations connecting Faucheaux to ANY Plaintiff in this case), and MAI's attempt to rely on the receipt of the 2012 Notice Letters by MAI's customers, Amphibious Marine and OMC.

jurisdiction while simultaneously rejecting the very examination of circumstances performed by many district courts while applying the rubric of *MedImmune* and *SanDisk* – in short, all the circumstances means <u>all</u> of them.  As Ronnie's MIS makes plain, an examination of all the circumstances (including those normally considered by courts) does not support a finding of subject matter jurisdiction in this case.

C.    **Plaintiffs Have Failed To Offer Sufficient Evidentiary Support To Show that Subject Matter Jurisdiction Exists**

1. <u>The Burden is the Plaintiffs', Not Ronnie's</u>[2]

The Opposition seems to rest, at least in part, on the mistaken impression that Ronnie's is required to prove something.  For example, Section III of the Opposition (titled "Defendants' Affidavits Fail to Prove Lack of Subject Matter Jurisdiction") points out the alleged insufficiency of Mr. Thibodaux's declaration.  The Opposition at p. 7.  However, the burden of proof is on the <u>Plaintiffs</u>, not Ronnie's.  Moreover, and importantly, <u>the Opposition does not attempt to contradict or deny a single statement made by Mr. Thibodaux</u>, calling into question the veracity of the Belden Affidavit (one of the very few pieces of evidence the Plaintiffs have offered to support their claim that jurisdiction exists).  Rather than defend their evidence, the Plaintiffs **admit** that many of the statements of the Broussard and Belden Affidavits **are inadmissible hearsay**.  *See* the Opposition at p. 6.  This admission looms large over Plaintiffs' repeated reliance on the statements in the Belden and Broussard affidavits while trying to show that jurisdiction over their claims exists – the Plaintiffs cannot admit that their statements are inadmissible hearsay and a few pages later try to use those same statements in meeting their

---

[2] It is initially noted that the Opposition is riddled with unsupported arguments lacking any evidentiary or legal support.  As addressing every unsupported, argumentative statement in the Opposition is beyond the scope of any reasonable Reply brief, Ronnie's restricts its discussion herein to a few key issues.  However, Ronnie's silence should not be taken as acquiescence or agreement with any of the bald statements included in the Opposition.

4

burden of proof.

As noted in Ronnie's MIS, the test for declaratory judgment jurisdiction in patent cases is "objective." *Hewlett-Packard Co. v. Acceleron, LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009). "Indeed, it is the objective words and actions of the patentee that are controlling." *Id.* As a matter of law, inadmissible statements regarding the subjective belief of the Plaintiffs can be given no weight whatsoever in considering the merits of Ronnie's motion to dismiss.

2. RAU

Plaintiffs attempt to argue, without offering any supporting case law whatsoever, that Mr. Thibodaux's alleged ownership of RAU is enough to support a finding that subject matter jurisdiction exists over the Plaintiffs' claims against RAU. Plaintiffs willfully ignore the fact that all of the letters appended to, or referenced in, the Amended Complaint were sent on behalf of Mr. Thibodaux and Ronnie's Airboats and Fabrication, LLC ("Ronnie's AF") – i.e., not RAU. In fact, Plaintiffs' Opposition specifically points out that RAU and Ronnie's AF are two distinct legal entities. *See* Exhibits 1 and 2 to the Opposition. Therefore, because the Amended Complaint is absolutely devoid of any allegation that might support a finding of declaratory judgment jurisdiction over any claims asserted in the Amended Complaint against RAU, **all** claims against RAU should be dismissed.

Further, the Plaintiffs' attempt to argue that their speculative pleading upon "information and belief" that RAU is the "exclusive licensee (or perhaps even assignee) of the Patents-in-suit" somehow means that dismissal of RAU is premature. This argument is simply wrong. As discussed in detail in Ronnie's MIS, the Plaintiffs are required to prove, by a preponderance of the evidence, that subject matter jurisdiction exists over all claims asserted in the Amended Complaint – including all claims against RAU. A single allegation pleaded on information and

5

belief does not meet this requirement (especially considering that, even if it is assumed to be true (which is NOT the case in Rule 12(b)(1) motions), Plaintiffs offer no explanation of how said alleged fact is sufficient to support jurisdiction for claims asserted against RAU under the Declaratory Judgment Act).

      3. <u>No Evidence Supporting Reliance on 2008 Notice Letter</u>

Given that the 2008 Notice Letters were only allegedly received by one alleged customer of Amphibious Marine (Shaw) and an unrelated company (Fauchaux[3]), the 2008 Notice Letters are only relevant (at most) to the analysis of subject matter jurisdiction over Amphibious Marine's claims for declaratory judgment. Neither the Amended Complaint nor the Opposition allege that any of the Plaintiffs received the 2008 Notice Letter.[4] Further, as Ronnie's points out in its MIS, Amphibious Marine has failed to plead any facts, or provide any evidence, supporting the proposition that Shaw's receipt of the 2008 Notice Letter has any relevance to the question of whether this Court has subject matter jurisdiction over Amphibious Marine's claims seeking declaratory judgment, and Plaintiffs' Opposition has not remedied this failure.

Moreover, in trying to justify Amphibious Marine's reliance on the receipt by Shaw and Faucheaux of the 2008 Notice Letter, Plaintiffs cite the contention that "Plaintiff Mark's Airboats is required to indemnify Belden Investments…." *See, e.g.*, Rec. Doc. 29 at p. 14. This argument is completely disingenuous as any indemnification by MAI to Amphibious Marine is <u>completely irrelevant</u> to the determination of whether Amphibious Marine can rely on communications to Shaw and Faucheaux to establish jurisdiction over Amphibious Marine's

---

[3] The Amended Complaint fails to plead that Faucheaux was a customer of any Plaintiff, and the Opposition is silent on this issue. Thus, Faucheaux's receipt of a 2008 Notice Letter is wholly irrelevant, leaving only the letter sent to Shaw.
[4] To be clear, for the various reasons discussed in Ronnie's MIS, even if there was evidence that the 2008 Notice Letter was received by a Plaintiff, that would still be insufficient to prove that subject matter jurisdiction exists based on when said letter was sent and the content of said letter.

claims.[5]

### 4. Disingenuous Statements Regarding Indemnification

In addition to the odd reference to obligations to indemnify noted above, Ronnie's points out that, contrary to the position taken in the Opposition, nowhere in the Amended Complaint or the supporting affidavits is there any evidence (or even *allegation*) that MAI is <u>obligated</u> to indemnify anyone, much less Amphibious Marine and OMC. Plaintiffs state that "Defendants conveniently ignore the fact that Plaintiff Mark's Airboats is required to indemnify Belden Investments." Opposition at p. 14. However, in supporting this bald, unsupported argument, Plaintiffs only cite to Paragraph 35 of the Amended Complaint (and the associated portion of the Belden Affidavit) which merely states that "Belden then 'contacted Mark Robicheaux of Mark's Airboats and asked him to indemnify' Belden and Amphibious Marine against a lawsuit that Ronnie Thibodaux threatened." Notably, this statement does not allege that MAI is <u>obligated</u> to indemnify Amphibious Marine, and Plaintiffs offer no evidence of any obligation with their Opposition. As Ronnie's expressly stated in its MIS, there is a difference between a legal obligation to indemnify and a business decision to appease one's customers – the latter is, quite literally, the "economic interest" that *Arris* expressly states is not enough to allow a plaintiff to rely on communications received by its customers in seeking to prove that subject matter jurisdiction exists.

A mere request by MAI's[6] customers to indemnify them is not enough to confer declaratory judgment jurisdiction in this case. In *Cisco Systems, Inc. v. Alberta Telecommunications Research Center*, Cisco filed suit seeking declaratory judgment of non-

---

[5] This is just one example of the Opposition's garbled approach to arguing that jurisdiction exists over each claim of each Plaintiff.

[6] Obviously, to the extent this argument applies to MAI, it equally applies to any of the Plaintiffs insofar as the Opposition attempts to argument that the indemnification of customers somehow confers subject matter jurisdiction over the Plaintiffs' claims in this case.

infringement and invalidity of TR Labs' patents. 2013 U.S. App. LEXIS 18012, *3 (Fed. Cir. Aug. 29, 2013). Cisco claimed that declaratory judgment jurisdiction existed for its claims due to the fact that TR Labs brought suit against many of Cisco's customers based on the use of Cisco products within the accused infringers' networking systems. *Id*. TR Labs moved to dismiss Cisco's complaint for lack of subject matter jurisdiction arguing that Cisco failed to allege facts sufficient to establish that TR Labs had accused Cisco itself of either direct or indirect infringement. *Id*. at *4. The district court granted TR Labs' motion to dismiss, finding that Cisco failed to establish declaratory judgment jurisdiction, and Cisco appealed to the Federal Circuit. *Id*.

On appeal, Cisco relied on *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368 (Fed. Circ. 2011) to support its claim that the district court erred when it dismissed Cisco's complaint. *Id*. at *7. However, the Federal Circuit differentiated *Arris* based on, *inter alia*, concessions by Cisco's counsel during oral argument that Cisco had never asserted that it had indemnity obligations for any liability its customers might incur. *Id*. at *11. When the Federal Circuit questioned Cisco regarding any indemnity agreements, "Cisco's counsel could not point to any such agreement, promise, or obligation." *Id*. Likewise, the Plaintiffs in this case have failed to identify any contractual obligation or agreement to indemnify any of their customers, and they have further failed to identify any basis for an implied, or non-contractual, duty to indemnify any of their customers.

### D. No Justiciable Case or Controversy as to the '423 Patent

Nowhere in the Amended Complaint is there any allegation or other reference to communications regarding U.S. Patent No. 8,262,423 ("the '423 Patent"). Ronnie's has not sent any communications to any anyone regarding the '423 Patent. Second Thibodaux Declaration at

8

¶ 21; Second Anthony Declaration at ¶ 10. Nothing in the Opposition contradicts these facts.

Rather, Plaintiffs again rely on *Arkema v. Honeywell Int'l* to argue that the mere fact that the '423 Patent is a continuation of the '045 Patent is enough to support a finding of jurisdiction by this Court over the Plaintiffs' claims directed to the '423 Patent. *See* the Opposition at p. 18. However, as noted above, the parties in *Arkema* were already involved in litigation in both the U.S. and overseas regarding essentially the same invention when the claims seeking declaratory judgment were filed – a situation not found in this case. Moreover, the Federal Circuit based its decision in *Arkema* on more than just the related nature of the patents at issue – the court also cited the fact that the declaratory judgment plaintiff was in a position of either committing to contracts that could expose it to liability for indirect infringement or abandoning its plans to supply the refrigerant. *See Arkema Inc.*, 706 F.3d at 1359. Notably, nowhere in the Amended Complaint do Plaintiffs allege that each Plaintiff is at risk of infringing the specific method described and claimed in the '423 Patent.

## II. ALTERNATIVE MOTION TO DISMISS CLAIM FOR UNFAIR COMPETITION UNDER FED. R. CIV. P. 12(b)(6) AS PREEMPTED BY FEDERAL LAW

Plaintiffs' claim for unfair competition is preempted by federal law. It is well established that state tort claims based on enforcement of a patent are preempted by federal patent law unless the claimant can show bad faith in the publication or enforcement of said patent. *See 800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354 (Fed. Cir. 2008) (noting that a party attempting to prove bad faith has a "heavy burden to carry"); *see also C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1364 (Fed. Cir. 1998) (noting that patent holders enjoy a presumption of good faith).

Defendants reiterate that Plaintiffs make no allegation in the Amended Complaint that Ronnie's intentionally and knowingly deceived or mislead anyone in the marketplace about the nature of its patent rights, and the Opposition does not dispute this fact. The only allegation

regarding "intent to deceive" within the marketplace is the vague attorney argument within the Opposition wherein the Plaintiffs claim that "Thibodaux knows or should have known that his patents are invalid." *See* Rec. Doc. 29 at p. 22. These attorney arguments regarding Mr. Thibodaux's alleged knowledge or intent are mere argument and cannot be considered by the Court in ruling on the instant 12(b)(6) motion. *See Hurd v. Doe*, 2003 U.S. Dist. LEXIS 12498, *7 (N.D. Tex. July 10, 2003) ("In ruling on such a [12(b)(6)] motion, the court cannot look beyond the pleadings.") Accordingly, and also for the other reasons detailed in Ronnie's MIS, Plaintiffs' claims for unfair competition should be dismissed for failing to state a claim upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons and those contained in Ronnie's MIS, this Court lacks subject matter jurisdiction over all of Plaintiffs' claims, and the Amended Complaint should be dismissed. Alternatively, the Court should dismiss all claims against RAU, and the Plaintiffs' state law claim for unfair competition, for failure to state a claim under Rule 12(b)(6). Finally, if any of the Plaintiffs' claims survive Ronnie's motion to dismiss, Plaintiffs should be ordered to amend their Amended Complaint pursuant to Rule 12(e) in view of the confusing an inconsistent use of the terms "Ronnie's Airboats" and "Ronnie's".

Respectfully submitted,

/s/ Ian C. Barras
**IAN C. BARRAS (#30854) T. A.**
**RAYMOND G. AREAUX (#16792)**
**J. MATTHEW MILLER III (#32594)**
**EMILY LIPPOLD GORDY (#33858)**
*Carver, Darden, Koretzky, Tessier,*
 *Finn, Blossman & Areaux L.L.C.*
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3800
Facsimile: (504) 585-3801
E-mail: barras@carverdarden.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system of the Western District of Louisiana, which will send notice of electronic filing to counsel of record for all parties in this case.

/s/ Ian C. Barras
Ian C. Barras

4826-6921-1670, v. 2