U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

DEC 19 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Mark's Airboats, Inc., et al | Civil Action No. 6:13-0274 |
| versus | Judge Richard T. Haik, Sr. |
| Ronald Thibodaux, et al | Magistrate Judge C. Michael Hill |

**MEMORANDUM RULING**

Before the Court is a Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted [Rec. Doc. 12], Second and Supplemental Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted, Or, Alternatively For A More Definite Statement [Rec. Doc.27] and Motion To Strike Plaintiffs' Second Amended Complaint [Rec. Doc. 39] filed by defendants, Ronald J. Thibodaux and Ronnie's Airboats Unlimited, LLC; plaintiffs, Marks Airboats, Inc, Belden Investments, L.L.C., Oilfield Marine Contractors L.L.C., Oppositions to defendants' Motions To Dismiss [Rec. Doc. 15; 29]; defendants' Reply [Rec. Doc. 33]; and plaintiffs' Amended Complaint [Rec. Doc. 14] and Second Amended Complaint [Rec. Doc. 36]. For the reasons that follow, the Court will deny defendants' Motions.

*Procedural Background*

Plaintiff, Mark's Airboat's Inc. Filed its Original Complaint on February 2, 2013, seeking a declaratory judgment of invalidity, unenforceability and noninfringement with regard to U.S. Pat. Nos. 8,187,045 ("the '045 Patent") and 8,262,423 ("the '423 Patent') and also asserting a claim for intentional interference of contract. Defendants, Ronald J. Thibodaux and Ronnie's Airboats Unlimited, L.L.C. ("RAU") (collectively referred to as "Ronnie's") filed a Motion to Dismiss all claims

for lack of subject matter jurisdiction, and alternatively sought dismissal of Mark's state law claim under Rule 12(b)(6). *R. 12.* Mark's filed an Opposition and Amended Complaint supplementing its allegations, withdrawing its state law claims for intentional interference of contract and adding two party-plaintiffs, Belden Investments, L.L.C. d/b/a Amphibious Marine and Oilfield Marine Contractors, L.L.C. and a state law claim for unfair competition ("LUTPA").

Thereafter, Ronnie's filed a Second and Supplemental Motion To Dismiss all claims for lack of subject matter jurisdiction under Rule 12(b)(1), and alternatively, for dismissal of RAU and plaintiffs' state law claims for unfair competition under Rule 12(b)(6). *R. 27.* Mark's filed an Opposition and Second Amended Complaint adding as a party plaintiff, Faucheux Services, Inc. *R. 36.* Finally, Ronnie's filed a Motion To Strike Plaintiffs' Second Amended Complaint. *R. 39.*

*Background*

On January 19, 2007, defendant Ronald Thibodaux filed a non-provisional patent application with the United State Patent and Trademark Office ("PTO") for an air-propelled vessel with articulating member invention. On May 29, 2012, the PTO issued Thibodaux's " '045 Patent." *R. 14-1, Exh. 2.* On March 9, 2011, Thibodaux filed a second non-provisional patent application directed to a method for performing overhead work using an air-propelled vessel with articulating member–a continuation of the '045 Patent. On September 11, 2012, the PTO issued the " '423 Patent." *R. 14-1, Exh. 2.*

On March 7, 2008, counsel for Thibodaux and Ronnie's Airboats and Fabrication, L.L.C. ("RAF")[1] sent letters to Belden's client, Shaw Energy Delivery Services, Inc. ("Shaw") and Faucheux Airboat Services (now known as Faucheux Services) ("Faucheux") regarding the application for the then pending patent '045 Patent. The letter stated Ronnie's became aware that Shaw "have acquired and/or are using certain vessel(s) having at least one articulating boom" and informing that Ronnie's have "filed a United States patent application in connection with air-propelled vessels having articulating booms . . . and in the event that Ronnie's pending patent application issues, Ronnie's will act aggressively to abate any infringing activities and recover applicable damages in accordance with applicable law." The letter further informed Shaw and Faucheux that "remedies for patent infringement can include injunctions to prevent the violation of rights secured by a patent, damages adequate to compensate for the infringement, interests and costs as fixed by the federal court. If the infringement is willful, an infringer may be liable for treble damages and attorneys' fees incurred by the patent owner." *R. 27, Exh. 1.*

The allegations in and attachments to plaintiffs' Second Amended Complaint, *R. 36, Exhs. 1-15,* provide the following: In 2006, Belden talked to Thibodaux about building a multi-engine airboat with a crane installed on it. Thibodaux "was very rude and said that he would not build me one nor could any other company because he had a patent on it." "[] Belden then told Thibodaux that he would go to Mark's Airboats

---

[1] The Louisiana Secretary of State's Business Filings Website provides that Ronnie's Airboat and Fabrication, L.L.C. was formed on August 26, 1997 and Ronnie's Airboats Unlimited, L.L.C. was formed on September 21, 2009. Both entities indicate the same domicile address, Agent and Officers. *La. Sec. State Bus. Records.* The records indicate that only RAU is in good standing but that RAF is not in good standing. *Id.* Plaintiffs' represent that RAF was dissolved on August 11, 2008. *R. 29, Exh. 1 & 2.*

3.

to get it built. Thibodaux said that he would sue [Belden] if [he] had one built. In 2007, Belden's company, Amphibious Marine, purchased a 30' four engine airboat with an articulating crane mounted on the deck from Mark's at a price of approximately $375,000 plus the crane. After Belden's company put Mark's 30-feet airboat into operation, Thibodaux called Belden to inform him that he "better get ready because he was going to sue me for using Mark's Airboats' equipment."

In 2009, Amphibious Marine purchased a 40' four engine airboat with an articulating crane mounted on the deck from Mark's at a price of approximately $425,000 plus the crane. In 2010, Oilfield Marine purchased a 40' four engine airboat with an articulating crane mounted on the deck for approximately $425,000 plus the crane. In 2011, Oilfield Marine purchased a 45' four engine airboat with an articulating crane mounted on the deck for approximately $450,000 plus the crane.

On June 4, 2012, Ronnie's counsel sent letters to Martin Belden and to Oilfield Marine Contractors, LLC informing of the '045 Patent and offering licenses under Ronnie Thibodaux's patents. *R. 27.* Two of Amphibious Marine's other customers, Entergy and Chain Electric, informed Belden that they received similar letters and Belden "already knew that Ronnie Thibodaux has been threatening other airboat operators who had bought equipment from Mark's Airboats and other manufacturers with patent infringement and that he threatened to sue them if they did not buy his equipment or get a license from him." Belden "contacted Mark Robicheaux of Mark's Airboats and asked him to indemnify" Belden and Amphibious Marine against a lawsuit that Ronnie Thibodaux threatened. Belden "asked Mark Robicheaux to take

steps to protect my company and the airboat equipment that Mark's Airboats sold me from Thibodaux and Ronnie's Airboats' threats of infringement."

Also by letters from Ronnie's dated June 2012, Mark's Airboats customers, Oilfield Marine and Faucheux Services, were informed of "Thibodaux's patent" and offered licenses under the patent. Joseph Broussard, owner of Oilfield Marine, "knew that Ronnie Thibodaux has accused other airboat operators who bought equipment from Mark's Airboats of infringing his patent." "[Broussard] contacted Mark's Airboats and asked to help me with this matter ... To indemnify my company against a lawsuit by Thibodaux or Ronnie's Airboats." "[Broussard] advised Mark's Airboats that it needed to take steps to protect my company and the airboat equipment that Mark's Airboats sold us from Thibodaux and Ronnie's Airboats' threats of infringement."

During the early 1990's, Robicheaux Airboats designed and built airboats with various mechanical devices installed at the upper surface of the deck bow. Ronald Thibodaux was employed by Robicheaux Airboats, Inc. from 1991 until about 1994. While employed by Robicheaux Airboats, Thibodaux was given assignments to install articulating devices to the bow of vessels, such as a hydraulic punch, a water well drill and a backhoe. The rotatable/pivoting backhoe had a two-part retractable articulated arm connected to a motor. In the 1900's and 2000's, other boat builders have employed articulating equipment on vessels.

As part of the patent application at issue, Thibodaux submitted a Declaration to the United States Patent Office acknowledging his duty to disclose "information which is material to patentability as defined in 37 C.F.R. 1.56." Thibodaux's March 18, 2008 and March 9, 2011 Information Disclosure Statements make no mention of prior art

boats and vessels employing articulating devices, such as the devices installed by Thibodaux under the direction of Robicheaux during the early 1990's even though they are very similar to the devices covered by Thibodaux's patents.

*Analysis*

*Motion To Strike*

The Court will initially address Ronnie's Motion To Strike Plaintiffs' Second Amended Complaint. *R. 39*. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 permits parties to amend their pleadings only once as a matter of course, within 21 days after service of the initial complaint or the filing of a responsive pleading or a motion under Rule 12(b). *Fed.R.Civ.P. 15(a)(1)*. All further amendments require the leave of the court which it should "freely give ... when justice so requires." *Id., 15(a)(2)*. While plaintiffs' filed their Second Amended Complaint within 21 days after defendants' filed their Second Motion to Dismiss under Rule 12(b), Rule 15 allows only one amendment as a matter of course. Therefore, the Court grants plaintiffs' request for leave to file the Second Amended Complaint into the record of this proceeding. *R. 36, p. 1*.

*Motion To Dismiss Under Rule 12(b)(1)*

Ronnie's argues in its second and supplemental motion to dismiss plaintiffs' claims that all of plaintiffs' claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because plaintiffs lack standing to seek declaratory judgment under *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 227 (2007). *MedImmune* announced a "more lenient legal standard" that "facilitates or enhances the availability of declaratory judgment jurisdiction in patent cases." *Micron Technology,*

*Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 902 (Fed.Cir.2008). For many years prior to *MedImmune* the Federal Circuit had applied a two-prong test to determine whether an actual controversy existed in declaratory judgment actions involving patents. *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed.Cir.2008). The Supreme Court in *MedImmune* replaced the two-prong test with a "totality-of-the-circumstances test" that looks to "the particular facts and relationships involved." *MedImmune,* 549 U.S. at 127 (requiring that "the dispute be 'definite and concrete, touching the legal relations of parities having adverse legal interests'; and that it be 'real and substantial' and 'admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts'").

"[A] party need not have engaged in the actual manufacture or sale of a potentially infringing product to obtain a declaratory judgment of non-infringement" so long as that party can make "a showing of 'meaningful preparation' for making or using that product." *Cat Tech*, 528 F.3d at 881. "When the holder of a patent with system claims accuses a customer of direct infringement based on the customer's making, using, or selling of an allegedly infringing system in which a supplier's product functions as a material component, there may be an implicit assertion that the supplier has indirectly infringed the patent. Likewise, when the holder of a patent with method claims accuses the supplier's customers of direct infringement based on their use of the supplier's product in the performance of the claimed method, an implicit assertion of indirect infringement by a supplier may arise." *Arris Group, Inc. v. British Telecommunications PLC,* 639 F.3d 1368, 1375-1376 (Fed.Cir.2011).

The Court finds that, based on the allegations in plaintiffs' Amended and Second Amended Complaints as well as the applicable jurisprudence, plaintiffs' action presents a justiciable actual controversy and the Court has subject matter jurisdiction over the claims brought by all plaintiffs. Moreover, the Court will exercise its supplemental jurisdiction over plaintiffs' state law claims under the Louisiana Unfair Trade Practices Act ("LUTPA"), La.R.S. 51:1404 *et seq.*

*Alternative Motion To Dismiss Under Rule 12(b)(6)*

Defendants argus in the alternative that plaintiffs' claims against Ronnie's Airboats Unlimited, L.L.C. ("RAU") should be dismissed under Rule 12(b)(6) stating only that there is no basis for RAU to be named as a defendant. Based on the relationship of defendant Ronald Thibodaux to RAU, however, it would be premature for the Court to dismiss RAU without any discovery.

Defendants further argue that plaintiffs' state law claim for unfair competition under LUTPA should be dismissed as preempted by federal law. Accepting plaintiffs' factual allegations as true and drawing all reasonable inferences in favor of plaintiffs as required under Rule 12(b)(6), the Court will deny defendants' motion in that regard.

*Alternative Motion For More Definite Statement Under Rule 12(e)*

Defendants request that the Court issue an order under Rule 12(e) directing plaintiffs to provide a more definite statement relating to the defendant entity, Ronnie's Airboats Unlimited, L.L.C. Rule 12(e) permits a party to move for a more definite statement when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). A party, however, may not use a Rule 12(e) motion as a substitute

for discovery. *See Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959). Rule 12(e) motions are disfavored. *See id.* Rule 12(e) is ordinarily restricted to situations where a pleading suffers from "unintelligibility rather than want of detail." 2A Moore's Fed'l Prac. ¶ 12.18[1], at 2389 (2d ed.1985).

Based on the allegations in plaintiffs' Amended and Second Amended Complaints as well as the record before the Court, defendants' request will be denied. R. 29, Exh. 1, 2.

### *Conclusion*

As provided in the foregoing, the Motion To Strike Plaintiffs' Second Amended Complaint, the Motion To Dismiss and the Second Motion To Dismiss filed by defendants, Ronald J. Thibodaux and Ronnie's Airboats Unlimited, L.L.C. will be denied.

_____
RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE

9.