IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **MARK'S AIRBOATS, INC.,** | * | **CIVIL ACTION NO.   6:13-CV-00274** |
| **BELDEN INVESTMENTS, L.L.C.,** | * | |
| **OILFIELD MARINE CONTRACTORS, L.L.C.** | * | |
| **FAUCHEUX SERVICES, INC., and** | * | |
| **KEN'S AIR BOAT SERVICE, INC.** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:  RICHARD T. HAIK, SR.** |
| **RONALD J. THIBODAUX AND** | * | |
| **RONNIE'S AIRBOATS UNLIMITED,** | * | |
| **L.L.C.** | * | **MAG. JUDGE: C. MICHAEL HILL** |
| | * | |
| **Defendants** | * | |

---

**MEMORANDUM IN OPPOSITION TO
DEFENDANTS' RULE 11 MOTION FOR DISMISSAL
AND SANCTIONS AGAINST FAUCHEUX SERVICES, INC.**

**May it Please the Court**:

This matter concerns Plaintiffs' efforts to invalidate U.S. Patent Nos. 8,187,045 ("the '045 Patent") and 8,262,423 ("the '423 Patent") and recover damages based on their issuance and enforcement.

Defendants, **Ronald J. Thibodaux** and **Ronnie's Airboats Unlimited, L.L.C.**, on February 14, 2015 filed a Motion (Rec. Doc. 81) titled "Rule 11 Motion for Dismissal and Sanctions Against Faucheux Services, Inc." with supporting Memorandum (Rec. Doc. 81-1). Hearing on the Motion is set for Thursday, April 16, 2015 at 9:30 a.m. before Judge Haik.

Plaintiff **Faucheux Services, Inc.** respectfully submits this Memorandum in Opposition.

*I*. *Defendants' Motion Practice Apparently Seeks to Evade Presumptions Required by the Federal Rules of Civil Procedure*

Preliminarily, it must be noted that Defendants do not directly urge dismissal of Faucheux's claims as foreclosed – instead, they seek dismissal under Rule 11, as a punitive sanction, in connection with fairly hyperbolic accusations that Faucheux and its counsel are, *inter alia*, unfamiliar with how calendars work (Rec. Doc. 81-1, p. 10).

At first glance, this seems odd. After all, Louisiana federal jurisprudence is clear that Rule 12(b)(6), not Rule 11, "speaks to the failure to state a claim upon which relief can be granted and encompasses dismissal on the basis of prescription." *Watermeier v. Continental Oil Co.*, 818 F.Supp. 929, 931, quoting *Washington v. Allstate*, 901 F.2d 1281, 1283 (C.A.5, 1990).

As Defendants correctly point out, when "there is no specified federal statute of limitations… federal courts borrow the forum state's general personal injury limitations period." *Burrell v. Newsome*, 883 F.2d 416, 418 (C.A.5, 1989).

Because Defendants' Motion is premised on Louisiana's statutory prescription period of one year set forth in the state Unfair Trade Practice and Consumer Protection Law (UTPCPL[1]), LSA-R.S. 51:1409(E), the relief they seek would under state law be sought by the exception of peremption, LSA-C.C.Pr. Art. 927.[2]

That "exception is tried on the face of the pleadings, and the court accepts the facts alleged in the petition as true, determining whether the law would afford relief to the plaintiff if those facts are proved at trial…. The question is whether, viewing the petition in the light most

---

[1] Frequently, as by Defendants, misstated as the "Louisiana Unfair Trade Practices Act," the statute's former name. See LSA-R.S. 51:1401. UTPCPL, briefly stated, provides a private right of action against "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," LSA-R.S. 51:1405; 1409.

[2] Defendants correctly note that, following predictive conclusions by the federal courts, state appellate courts have determined UTPCPL's "prescriptive" period to be peremptive. *See Glod v. Baker*, 2004-1483 (La.App. 3rd Cir. 3/23/05), 899 So.2d 642.

favorable to plaintiffs, and with every doubt resolved in their favor, the petition states any valid cause of action for relief." *Board of Supervisors of Louisiana State University v. 2330 Palmyra Street, L.L.C.*, 2011-0443 (La.App. 4th Cir. 12/27/11), 80 So.3d 1234, 1239.

Likewise, under Rule 12(b)(6), "we must accept as true all well pleaded facts in the complaint, and the complaint is to be liberally construed in favor of the plaintiff." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1051 (C.A.5, 1982).

Why, then, would Defendants skip the appropriate Rule 12(b)(6) motion and seek dismissal instead as a sanction under Rule 11? Surely Defendants are aware that, in the Fifth Circuit, "unless the record reveals *at least* a clear pattern of delay or contumacious conduct and the futility of lesser sanctions," dismissal as a Rule 11 sanction is actually reversible error? *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (C.A.5, 1985) (emphasis added).

Notably, even in the lone case cited by Defendants (Rec. Doc. 81-1, p. 5) where Rule 11 sanctions were levied for pleading time-barred claims, that sanction did *not* include dismissal – no Rule 11 motion was filed in that matter until *after* dismissal was obtained through appropriate means (in that case, summary judgment). *Merriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187 (C.A.5, 1996).

This highly unusual course by Defendants – inflicted, it must be noted, on *every plaintiff*; see Rec. Docs. 80, 81, 82, 83, 84 – does not appear to be sloppy motion practice. It appears to be a stratagem: one which, arguably and ironically, might itself sanctionably violate Rule 11.

The only plausible reason for Defendants' "end run" around Rule 12, and unusual request for dismissal under Rule 11, seems to be to place their motions in a procedural posture where they do not face the tough adverse presumptions imposed under Rule 12 (and Rule 56[3]).

This may be a good procedural strategy – but it is not an acceptable one under Rule 11(b) itself. As is well established by the Fifth Circuit, "[w]e have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (C.A.5, 2005). Defendants' Motion, it is respectfully suggested, is not properly brought under Rule 11.

Its purpose is arguably improper – either to evade the presumptions required by rules 12 and 56 or, just as improperly, to foreclose Faucheux's ability to amend to cure any technical deficiency in pleading.[4]

Based on the encapsulation of Louisiana's prescription statutes within Rule 12(b)(6), under *Washington, supra*, Defendants in reality assert "failure to state a claim upon which relief can be granted" – so all allegations of Faucheux's Complaint should be assumed true and liberally construed in Faucheux's favor.

Further, because Defendants cite material outside Faucheux's Complaint, notably discovery responses (Rec. Doc. 81-1, p. 8), under Rule 56 "inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold*, 369 U.S. 654, 655 (1962).

---

[3] Defendants' Memorandum refers extensively to matters outside the pleadings; see Rec. Doc. 81-1, p. 8. Under Rule 12 this would require conversion of their motion into one for summary judgment under Rule 56: "A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to be evaluated only on the pleadings." *Jackson v. Procunier*, 789 F.2d 307, 309 (C.A.5, 1986). Consideration of matters outside the pleadings requires disposition of a Rule 12(b) motion as provided by Rule 56. *Carter v. Stanton*, 405 U.S. 669, 671 (1972).

[4] "A complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies." *Jackson, supra*, 789 F.2d at 310. See F.R.C.P. 15(d).

**II**. *Louisiana law on peremption of UTPCPL claims clearly provides that ongoing statutory violations and business torts toll the statute's peremptive period*

Defendants' Memorandum in Support, despite its 9 pages, spends very little time explaining its central thrust: that "it is indisputable that the Second Amended Complaint [Rec. Doc. 36] was filed over 17 months after the last alleged act cited in support of Faucheux's" UTPCPL claim (Rec. Doc. 81-1, p. 8).

In support of this "indisputable" fact, Defendants point only to discovery responses submitted by Faucheux which refer, *inter alia*, to events more than one year prior to Faucheux's allegations first leveled in the Second Amended Complaint on November 25, 2013.

That Defendants violated UTPCPL more than one year before Faucheux's Complaint is meaningless, however. Defendants' true burden of proof is to demonstrate, conclusively, that Faucheux has alleged *no* UTPCPL violations *within* the year preceding its Complaint, or after November 25, 2012. This, Defendants signally fail to do.

The 2008 letter from Ted Anthony (Rec. Doc. 36, Pars. 22-24) warning of Defendants' invalid patents was not the last UTPCPL violation committed by them; it was merely the first (of which Plaintiffs are aware, anyway).

Likewise, the 2012 threats by Defendants (Rec. Doc. 36, Pars. 36-47) to disrupt Faucheux's business based on enforcement of their invalid patents were not the *last* UTPCPL violations complained of – they were simply examples of ongoing violations, which continue literally to this day.

As Defendants are well aware, their violations of the patent laws (and the resulting grant of invalid patents) are extensively discussed in the Second Amended Complaint. Rec. Doc. 36, Pars. 65-74; 78-84; 88. As Defendants must also be aware, such alleged violations are entirely

sufficient to state a claim under UTPCPL – a claim which continues so long as the violations do, and does not even begin to perempt until the violations *cease*.

This is because, crucially, UTPCPL considers violation of other statutes – so long as such violations are alleged to themselves be UTPCPL violations, i.e. they "constitute[] an unfair method of competition," LSA-R.S. 51:1405 – sufficient allegation of UTPCPL claims. *Capitol House Preservation Co. v. Perryman Consultants, Inc.*, 98-1514 (La.App. 1st Cir. 12/10/98), 725 So.2d 523, 530: "Each day the defendants… failed to disclose the alleged misrepresentations… constituted a new violation of the statutory duty and may constitute an unfair trade practice should the trial court so find."[5]

Failure of these Defendants' same argument in *Capitol House* is particularly on point given that Faucheux's Complaint alleges that Defendants continue to fail to disclose their misrepresentations to the Patent Office, and the incorporation of this allegation into Faucheux's UTPCPL claim (Rec. Doc. 36, Pars. 91-93). It is hard to imagine a more "unfair method of competition" than failure to disclose misrepresentations made in order to obtain invalid patents, and then attempting to threaten a competitor's customers with those same patents.

Just as in *Capitol House*, then, Defendants' argument that Faucheux's UTPCPL claims are perempted fail in light of Faucheux's abundant allegation of Defendants' violation of their obligations to "fess up" to withholding material information in prosecution of their patents. Furthermore, the Fifth Circuit has concluded, in light of state-court decisions on UTPCPL, that "the continuing violation doctrine applies" to UTPCPL claims – that is, "the peremptive period does not begin to run until the violation ceases." *Tubos de Acero de Mexico, S.A. v. American*

---

[5] *Capitol House* specifically rejected the argument that the legal duty whose breach is alleged to be a UTPCPL violation must arise from a statute which specifically mentions UTPCPL: "… we believe [the legislative language] merely indicates the legislature's desire to remove from the discretion of the trial court, with respect to a particular statutory violation, whether the violation of that statute is an unfair trade practice," foreclosing dismissal on the exception of peremption in the face of allegations of ongoing illegal conduct. 725 So.2d at 530.

*Intern. Inv. Corp.*, 292 F.3d 471, 481-482 (C.A.5, 2002). ). In *Miller v. ConAgra, Inc.*, 991 So. 2d 445 (La. 2008), interpreting application of Louisiana unfair competition law and the one-year preemptive period, the Louisiana Supreme Court affirmed its definition of a "continuing tort as one 'where the operating cause of injury is a continuous one and gives rise to successive damages.' *Crump v. Sabine River Authority*, 1998-2326, p.7 (La. 6/29/99), 737 So. 2d 720, 726. Stated another way, "[a] continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act." *Id*. at 9, 737 So. 2d at 728.

Not only are Faucheux's UTPCPL claims valid until and unless Defendants correct their misrepresentations to the Patent Office[6] – Defendants' continued and continuing attempt to enforce those same invalid patents and harass Faucheux and its customers works a continuing UTPCPL violation as well. Defendants' continued attempts to enforce the '045 and '423 patents exert a chilling effect upon Faucheux's business.[7] Such continuing damages were addressed in Faucheux's "Answer to Plaintiff's Interrogatory No. 8," which Defendants did not see fit to quote in their Memorandum:

> **INTERROGATORY NO. 8:** Identify with specificity any damages Faucheux claims it has incurred as a result of the alleged unfair trade practices described in paragraphs 95 through 97 of the Third Amended Complaint, where such identification shall include, without limitation, a detailed accounting of any damages incurred by Faucheux.
>
> **ANSWER TO INTERROGATORY NO. 8:** Faucheux Services Inc. has had a loss of profits and damage to its business reputation and a disruption of business arising from the warning letter sent by Mr. Ted Anthony on behalf of Ronnie Thibodaux and Ronnie's Airboats and Fabrication, L.L.C. Exhibit 4 of the Third Amended Complaint. After receiving the letter, Faucheux discovered that the same letter had been distributed to many of its clients threatening patent

---

[6] In addition to the Second Amended Complaint, those same discovery responses quoted by Defendants in their Memorandum supply the Court with all the information it needs to determine that Faucheux alleges ongoing violations of the patent laws, and therefore ongoing UTPCPL violation. See "Answer to Interrogatory No. 7," par. 5, Rec. Doc. 81-1, p. 9.

[7] See Affidavit of Derrick Faucheux attached hereto as Exhibit 1

infringement suit. The extent of Faucheux Services Inc.'s loss is currently being calculated. Such accounting will be provided upon finalizing calculations.

III. *Conclusion*

According to their Motion and Memorandum, Defendants are so incensed by Faucheux's temerity in alleging claims so obviously time-barred that there is no reason to fool around with Rule 12(b)(6), as Fifth Circuit jurisprudence recommends. Rather, Defendants urge this Court to "Ready, Fire, Aim" and get straight to the sanctioning.

Defendants doth protest too much. "Reasonable inquiry into the facts and law" (Rec. Doc. 81, p. 1) related to Faucheux's UTPCPL allegations reveals that, far from pursuing "clearly preempted [sic] and prescribed" claims, Faucheux's claims under that statute are alive and well – and Defendants have made it so.

First, they continue to violate their statutory obligation to disclose information material to patentability of the patents-in-suit to the Patent Office – a statutory breach which state-law jurisprudence clearly counts as sufficient allegation of Faucheux's state-law claim. That breach is clearly alleged in Faucheux's Complaint, and for good measure also in the discovery response which Defendants themselves have brought into the record of their Motion. Plaintiffs have provided Defendants with dozens of prior art references, which cast serious doubts on patentability of the patents-in-suit. Defendants are yet to comply with their duty of disclosure and disclose the material prior art to the Patent Office.

Second, Defendants' continuing attempts to enforce invalidly obtained patents result in continuing harm to Faucheux's business. And both state and federal courts interpreting UTPCPL have concluded that the statute's one-year peremptive period does not even begin to run until Defendants' alleged violations have ceased. *See Capital House* and *Tubos, supra*, respectively.

In short, Defendants have failed to carry their burden under either of Rule 12(b)(6) – the motion they should have filed – or Rule 56, which governs a Rule 12(b) motion after Defendants' own introduction of matter outside the pleadings. They have certainly not responsibly alleged any violation of Rule 11 – indeed, their very filing begs the question why an argument which could not succeed on traditional grounds was set forth not in a motion for dismissal but one for sanctions.

The only reasonable explanation for Defendants' highly unusual motion practice suggests their own violation of Rule 11 – either that, or serious ignorance of UTPCPL jurisprudence. Because "all doubts must be resolved in favor of the signer of the pleading," Faucheux assumes the latter, and does not trouble the Court with its own motion for sanctions. But that does not excuse either ignorance of the law or sharp practice, of which one or the other Defendants' Motion is an example.

The Motion should be denied.

Respectfully submitted,

/s/____Ryan M. Goudelocke_____
William W. Stagg, T.A. (#1613)
Ryan M. Goudelocke  (#30525)
Chase A. Manuel (#34223)
*Durio, McGoffin, Stagg & Ackermann*
220 Heymann Boulevard
Lafayette, Louisiana  70503
Telephone:  (337) 233-0300
Facsimile:  (337) 233-0694
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that I have, this 5th day of March, 2015, provided all parties with a copy of the foregoing pleading by means of the Western District's CM/ECF electronic filing system.

_____/s/ Ryan M. Goudelocke_____
Ryan M. Goudelocke