U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

MAR 27 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Mark's Airboats, Inc., et al      Civil Action No. 6:13-0274

versus      Judge Richard T. Haik, Sr.

Ronald Thibodaux, et al      Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court are defendants, Ronald Thibodaux and Ronnie's Airboats Unlimited, LLC's, Rule 11 Motions For Dismissal And Sanctions Against plaintiffs, Belden Investments, LLC, Faucheux Services, Inc., Ken's Air Boat Service, Inc., Mark's Airboats, Inc, and Oilfield Marine Contractors LLC [Rec. Docs. 80; 81; 82; 83; 84]; plaintiffs' oppositions to defendants' Motions To Dismiss [Rec. Docs. 88; 86; 90; 87; 89]; and, defendants' replies [Rec. Doc. 103; 99; 107; 101; 105]. For the reasons that follow, the Court will deny defendants' Motions.

*Background*

Since the early 1990's, Ray Robicheaux, owner of Robicheaux Airboats Inc., built single and multi-engine airboats with articulating devices on the decks which he rented to various customers for surveying and seismographic work. *R. 87-1.* Defendant, Ronald Thibodaux, worked in Robicheaux's shop, installing the articulating equipment on the airboats from the early 1990's to at least 1994. On January 19, 2007, Thibodaux filed a non-provisional patent application with the United State Patent and Trademark Office for an air-propelled vessel with articulating member invention and was issued a patent on May 29, 2012—the '045 Patent. On March 9, 2011, Thibodaux filed a second non-provisional patent application directed to a method for performing overhead work using an air-propelled vessel with articulating member–a continuation of the '045 Patent and was issued the '423 Patent on September 11, 2012. *R. 14-1, Exh. 2.*

Mark's Airboats Inc. ("Mark's")[1] filed this action seeking a declaratory judgment of invalidity, unenforceability and noninfringement with regard to defendants' patents, '045 and '423, and inequitable conduct in prosecuting the patents.[2] *R. 1.* Prior to Defendants filing an answer or responsive pleading, Mark's filed an Amended Complaint adding Belden Investments, LLC ("Belden") and Oilfield Marine Contractors LLC ("Oilfield Marine") as plaintiffs and asserting claims for unfair competition under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405 ("LUTPA"). *R. 14.* On November 25, 2013, with leave of Court, Mark's filed a Second Amended Complaint adding Faucheux Services, Inc. ("Faucheux") as a plaintiff. *R. 36.* On December 19, 2014, the Court denied defendants' Motion To Strike the Second Amended Complaint and Motion To Dismiss under Rule 12(b)(1), and alternatively Rule 12(b)(6). Mark's filed a Third Amended Complaint on February 20, 2014, also with leave of Court, adding Ken's Air Boat Service, Inc. ("Ken's") as a plaintiff. *R. 52.* In their answer and responsive pleadings to the Third Amended Complaint, defendants filed counterclaims against Mark's for manufacturing and selling vessels which infringe on the '045 and '423 patents and against the remaining plaintiffs for "the inducement or, and/or contribution to, the performance of methods" which infringe on defendants' patent claims.

In the motions before the Court, defendants filed identical motions to dismiss the LUTPA claims and also for sanctions in the form of attorneys' fees and cost, against each plaintiff pursuant to Federal Rule of Civil Procedure 11. Defendants request the Court to sanction all plaintiffs and their counsel under Rule 11(b) because plaintiffs failed to investigate the prescriptive period of their LUTPA claims prior to filing them. Also, because

---

[1] Mark's is owned by Mark Robicheaux, Ray Robicheaux's son. *R. 87-1.*

[2] Mark's withdrew its state law claim for intentional interference of contract.

2.

defendants served plaintiffs with the respective motions for sanctions at least twenty-one days prior to filing them and plaintiffs "failed to rectify the deficiencies in their pleadings" by withdrawing the claims, defendants request that the Court dismiss each plaintiff's claim under LUTPA.

*Legal Standard*

Rule 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. *See* Fed. R. Civ. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the court finds that a document has been presented for an improper purpose, Fed. R. Civ. P. 11(b)(1); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, Fed. R. Civ. P. 11(b)(2); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, Fed. R. Civ. P. 11(b)(3). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits," *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *see Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359–60 (5th Cir.1986), and even dismissal, *see Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir.2003). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. Fed. R. Civ. P. 11(c)(4), *see Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir.1993). A sanction under Rule 11 is "an extraordinary remedy, one to be exercised

with extreme caution." *SortiumUSA, LLC v. Hunger*, 2014 WL 1080765, *3 (N.D.Tex.,2014).

Under Rule 11, a motion for sanctions may not be filed until at least 21 days after service of the motion on the offending party. Fed. R. Civ. P. 11(c)(2). If, during this period, the alleged violation is withdrawn or appropriately corrected, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to remedy the improper paper, claim, defense, contention, or denial. *See id.*; *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir.1995).

*Law and Analysis*

Defendants assert that plaintiffs knew, or should have known, that their LUTPA claims were prescribed and perempted before they were filed. Defendants contend that the only facts alleged by plaintiffs to support their claims under LUTPA are an alleged 2006 conversation between Belden and Thibodaux, notice letters went to Shaw Energy Delivery Services, Inc. and Faucheux Airboat Service in 2008 and notice letters sent to Belden and Oilfield Marine Contractors, LLC on or about June 4, 2012, all occurring more than one year before plaintiffs joined this lawsuit. Defendants further contend that each plaintiff's interrogatory responses make it clear that, at the time of joining the lawsuit, their was no basis for any plaintiff to assert a LUTPA claim.

Plaintiffs contend that Louisiana law allows that the continuing tort theory extend to the peremption period in a LUTPA action. Citing *Capitol House Pres. Co. v. Perryman Consultants, Inc.*, 725 So.2d 523 (La.App. 1 Cir. 1998), they argue that Louisiana courts have further extended the theory of continuing torts in cases where continued violations of other statutes gave rise to a LUTPA claim. *Id.* at 528 (holding that each day the defendants

4.

failed to disclose a known violation of the Riverboat Economic Development and Gaming Control Act constituted a new violation of the statutory duty and may constitute an unfair trade practice). Defendants counter in their replies that *Capitol House* is not applicable because there is no such ongoing duty under patent law. While defendants recognize the duty of candor imposed on patent applicants under 37 C.F.R. § 1.56, they contend that it does not apply in this case. Citing *Therasense v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed.Cir.2011) (en banc), defendants also note that the duty of candor is not the same as an allegation of inequitable conduct.

Recognizing that *Therasense* changed the standard for proving inequitable conduct, the case law in the Fifth Circuit states, "[t]he inequitable conduct doctrine stems from the duty of candor that patent applicants owe to the PTO. Applicants have an 'uncompromising' duty of candor and good faith in dealing with the PTO, which includes the duty of disclosing all known material prior art. Public interest demands that all facts relevant to such matters be submitted formally or informally to the Patent Office, which can then pass upon the sufficiency of the evidence. Only in this way can that agency act to safeguard the public in the first instance against fraudulent patent monopolies." *General Elec. Co. v. Mitsubishi Heavy Industries Ltd.*, 946 F.Supp.2d 582, 588 (N.D.Tex.,2013) (citing *Precision Instrument Mfg. Co. v. Auto. Maintenance Mach. Co.*, 324 U.S. 806, 816 - 818 (1945)).

Defendants have failed to establish that the holding in *Capitol House* cannot apply to this action or that the inequitable conduct doctrine cannot interrupt peremption. Moreover, plaintiffs attach to their briefs in opposition individual sworn affidavits stating that they and/or their customers have suffered damages from continuous harassment from Thibodaux related to the sale/marketing or use of airboats with articulating equipment, which continues to the date of the affidavits. Such acts may constitute "overt, persistent and ongoing acts" sufficient to find a continuing tort under LUTPA. *See International Environmental Services, Inc. v. Maxum Industries, LLC*, 2014 WL 4629662, *7 (W.D.La.,2014).

More significant to the Court, however, is the appropriateness of defendants' motions to dismiss plaintiffs' LUTPA claims under Rule 11 as a punitive sanction, rather than under the exception of peremption, LSA-C.C.P. Art. 927—Rule 12(b)(6) or Rule 56. Plaintiffs contend that defendants "highly unusual course" has an "arguably improper" purpose—to avoid the adverse presumptions imposed under these rules. The allegations in defendants' Rule 11 motions include documents outside the record and are essentially summary judgment arguments about the legal and factual sufficiency of the complaints. The Court agrees that the motions for sanctions are not the appropriate vehicle for the Court to find that a facially valid claim is without factual or legal support.

In *SortiumUSA, LLC v. Hunger*, 2014 WL 1080765, 6 (N.D.Tex.,2014), a copyright case, the court considered motions similar to those against the plaintiffs in this case. In particular, two defendants alleged in their properly filed[3] Rule 11 motions that Counts 1 through 8 of Sortium's Fourth Amended Complaint contained allegations that were legally or factually baseless and, although they survived a motion to dismiss, were alleged to be without merit. The *Sortium* court stated as follows:

> In determining whether Rule 11 sanctions should be imposed, the Court does not judge the merits of the action but rather, determines whether an attorney has abused the judicial process. *See Cooter & Gell*, 496 U.S. at 396. Rule 11 should not be used to test the legal or factual sufficiency of a party's claims. The Advisory Committee Notes for Rule 11 explain that 'Rule 11 motions ... should not be employed ... to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.' Fed.R.Civ.P. 11 advisory committee's note (1993 Amendments); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 416–17 (S.D.N.Y.2003). In essence, 'Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment.' 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336 (2d ed. Supp.2003); *see also Blue v. United States Dep't of the Army*,

---

[3] As in *Sortium*, the defendants in this case represent that they served each plaintiff with its respective motion at least twenty-one days prior to filing the motions, in compliance with the safe-harbor provision, and that none of the plaintiffs rectified or withdrew the deficiencies.

6.

> 914 F.2d 525, 535 (4th Cir.1990) ('[C]laims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motion[s].... As a general matter, dismissal of a frivolous ... case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort.'). A Rule 11 motion for sanctions is not a proper substitute for a motion for summary judgment.
>
> The distinct approaches that courts employ in disposing of Rule 11 and summary judgment motions underscore the meaningful differences between the purposes and standards associated with Rule 11, a rare and extraordinary remedy that governs the imposition of certain types of sanctions, and Rule 56, which governs motions for summary judgment. *See Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 960–961 (6th Cir.1990). At the very least, it is well settled that a claim that has 'some plausible basis, [even] a weak one,' is sufficient to avoid sanctions under Rule 11. *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir.2001). That is true even where the evidence is weak and could not survive summary judgment. *See Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir.1987) (reversing grant of Rule 11 sanctions where, although evidence was 'weak' and could not survive summary judgment, court could not 'say that the complaint [was] so lacking in plausibility as to ... subject [the attorney] to' sanctions). Rule 11, again, is meant to deter significant abuses of the judicial process by an attorney, not weed out his or her weak legal and factual arguments.

*SortiumUSA* at *6.

In light of the significant differences between the procedures and standards associated with summary judgment and those associated with the imposition of sanctions, the Court finds the imposition of Rule 11 sanctions is inappropriate in this case. Accordingly,

**IT IS ORDERED** that defendants, Ronald Thibodaux and Ronnie's Airboats Unlimited, LLC's, Rule 11 Motion For Dismissal And Sanctions Against plaintiffs, Belden Investments, LLC, Faucheux Services, Inc., Ken's Air Boat Service, Inc., Mark's Airboats, Inc, and Oilfield Marine Contractors LLC [Rec. Docs. 80; 81; 82; 83; 84] are **DENIED**.

Thus done and signed this 26th day of March, 2015 at Lafayette, Louisiana.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE